IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ADAM W. NICHOLSON,** | : | CIVIL ACTION NO. 3:16-CV-904 |
| Plaintiff | : | |
| | : | (Chief Judge Conner) |
| v. | : | |
| **NANCY A. BERRYHILL,**[1] | : | |
| Defendant | : | |

# **ORDER**

AND NOW, this 31st day of August, 2018, upon consideration of the report (Doc. 19) of Magistrate Judge Martin C. Carlson, recommending that the court deny the appeal of plaintiff Adam W. Nicholson ("Nicholson") from the decision of the administrative law judge ("ALJ") denying Nicholson's application for a period of disability, disability insurance benefits, and supplemental security income, and the court noting that Nicholson filed objections (Doc. 22) to the report, see FED. R. CIV. P. 72(b), and that the Commissioner of Social Security ("Commissioner") expressly waived the opportunity to oppose or otherwise respond to Nicholson's objections, (see Doc. 23), and following *de novo* review of the contested portions of the report, see Behar v. Pa. Dep't of Transp., 791 F. Supp. 2d 383, 389 (M.D. Pa. 2011) (citing Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); 28 U.S.C. § 636(b)(1)(C)), and applying a clear error standard of review to the uncontested portions, see Cruz

---

[1] Due to the Federal Vacancies Reform Act, 5 U.S.C. § 3345 *et seq.*, former acting Commissioner of Social Security Nancy A. Berryhill is currently presiding as the Deputy Commissioner for Operations of the Social Security Administration. For consistency purposes, however, we continue to refer to Ms. Berryhill as "the Commissioner."

v. Chater, 990 F. Supp. 375, 376-78 (M.D. Pa. 1999), the court being in agreement with Nicholson that the ALJ's decision is not "supported by substantial evidence," 42 U.S.C. § 405(g); Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001), in that the ALJ failed to consider Nicholson's argument, which finds support in the record evidence, that his physical condition required at least some limitation in standing, sitting, and walking,[2] and the court concluding that remand for further proceedings is warranted and appropriate *sub judice*, it is hereby ORDERED that:

---

[2] Because Nicholson did not raise this issue before the magistrate judge, the court, in its discretion, could properly deem the argument to be waived. See Jimenez v. Barnhart, 46 F. App'x 684, 685 (3d Cir. 2002) (citing Laborers' Int'l Union of N.A. v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994)); see also Kelly v. Wells Fargo Bank N.A., No. 1:13-CV-2298, 2015 WL 1333265, at *9 (M.D. Pa. Mar. 25, 2015) (Conner, C.J.) (collecting cases). Nonetheless, given the impact of this issue on the decision in this case, we decline to find waiver and instead address the merits of Nicholson's argument.

The ALJ observed that Nicholson asserted the following limitations: "lifting, squatting, bending, standing, reaching, walking, sitting, kneeling, stair climbing, memory, completing tasks, concentration, understanding, following directions, and getting along with others." (Tr. at 33). The ALJ responded to most of the alleged limitations in crafting Nicholson's residual functional capacity ("RFC"). (See id. at 32-35). Yet the ALJ failed to discuss whether Nicholson's severe impairment of degenerative disc disease required limitations in standing, sitting, or walking. (See id.) The ALJ acknowledged the extent of Nicholson's progressing degenerative disc disease and the documented reports to physicians of pain and limitations resulting therefrom. (Id. at 28-29). The ALJ further acknowledged that Nicholson twice had a recommended discectomy surgery rescheduled due to his otherwise poor physical condition. (See id. at 29). The transcript is replete with Nicholson's allegations that he cannot stand for more than a short period of time. (See id. at 31, 33-34). Medical evidence reveals consistent complaints of difficulty standing and walking. (See, e.g., id. at 373, 375, 377, 381, 383, 385). And the treating physician's examination notes confirm an objective basis for Nicholson's complaints. (See, e.g., id.) We cannot conclude that the ALJ's RFC determination is supported by substantial evidence when the ALJ failed to engage with medical evidence and argument as pertains a standing, sitting, walking limitation or to explain her rejection of Nicholson's claim that he requires such a limitation. Because we conclude that remand is warranted for this reason alone, we do not address the balance of Nicholson's objections.

2

1. The court declines to adopt the magistrate judge's report (Doc. 19) to the extent it recommends that the court find the decision of the ALJ to be supported by substantial evidence for the reasons stated herein.

2. The Clerk of Court shall enter judgment in favor of Nicholson and against the Commissioner as set forth in the following paragraph.

3. The Commissioner's decision is VACATED and this matter is REMANDED to the Commissioner with instructions to conduct a new administrative hearing, to develop the record fully, and to evaluate the evidence properly in accordance with this order.

4. The Clerk of Court is directed to CLOSE this case.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania